**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert Tyrone DUKE,**
**Defendant-Appellant.**

**No. 36866.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 9, 1976.

James C. Jones, Joseph W. Warzycki, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

By a jury verdict, defendant Robert Tyrone Duke was found guilty of assault with intent to maim with malice. § 559.180, RSMo. 1969. He was sentenced to twenty years in custody in the Department of Corrections.

Defendant advances two points on appeal. First, he asserts that the trial court erred in permitting the prosecutor to inquire as to the defendant's right to remain silent and thereby comment on the defendant's failure to make a statement while under arrest. Second, defendant contends that a mistrial should have been granted when it was discovered that a palm-print card from police files, which had already been examined by the jury upon being admitted into evidence, contained statements about other crimes for which the defendant was not on trial. We affirm.

The facts sustaining the conviction may be briefly stated. Gertrude W. Merchel,

then aged 75 years, was awakened on March 3, 1974 in the early morning hours by footsteps outside her bedroom window. After arising she then heard another noise and saw two arms raise the window opposite the divan upon which she was sitting. When she ran to the front door to call for help, she was grabbed from behind and thrown on her bed. Her assailant struck her and she sustained extensive physical injuries. She passed out, but regained consciousness a few hours later. Police detectives, in investigating the ransacked apartment, found a prescription tablet bottle bearing the name "Robert Duke" on the living room floor under the window through which the assailant entered the victim's apartment. Of the four fingerprints that were lifted from the screen over the window, one was positively identified as containing the palm print of the defendant.

After defendant was placed under arrest he was advised of his constitutional rights, including the right to remain silent and that anything he might say could be used against him. The police witness who testified to this was asked whether defendant was then released or booked. The officer replied that the defendant was detained.

■ Defendant's first contention of error was that the prosecutor should not have been permitted to elaborate on defendant's right to remain silent. But defendant has failed to preserve this point on appeal. Not only did defendant fail to make an objection during this testimony, he also failed to raise the point in his motion for a new trial. *State v. Scott*, 515 S.W.2d 524, 527[4] (Mo. 1974); *State v. Halk*, 524 S.W.2d 44, 48 (Mo.App.1975). Furthermore, defendant has failed to demonstrate that the testimony resulted in manifest injustice or a miscarriage of justice. Thus, the contention fails to qualify as plain error within the terms of Rule 27.20(c). *State v. Halk, supra.*

Of the exhibits that were shown to the jury, one, a finger print card, had writing on the back. This exhibit was the palm print lifted from the window screen, and the writing on the back was as follows: "Burglary-Robbery, Assault, 600 North Kingshighway, Department 804. Victim, Gertrude Merchel." [1]

■ Defendant contends that it was prejudicial error to permit the jury to examine this exhibit because it contained a reference to the crimes of burglary and robbery, both crimes for which defendant was not on trial. Again, defendant has failed to properly preserve this point for appellate review. At the trial, defendant's objection to the exhibit was that: "[N]o proper chain of custody [has been] shown or proven." Defendant did not object at that time to the exhibit being passed among the jury. Only after the jury had requested a re-examination of the exhibit during their deliberation did defendant offer his first objection to the writing on the back of the card. The court sustained the objection. The card was not sent to the jury. The motion for new trial did not present this ground as error in the trial for the court to correct. The request for relief on this point was made for the first time on appeal. Failure to assert a timely objection at trial and failure to include the point in a motion for new trial precludes further consideration of defendant's second contention. *State v. Scott, supra.* Defendant also fails to indicate that manifest injustice has been done to him or that there has been a miscarriage of justice with respect to his second point on appeal.

The judgment is affirmed.

McMILLIAN and RENDLEN, JJ., concur.

1. Counsel for state and defendant agree that the jury probably never saw the back of the card when it was passed to them for inspection.