**STATE of Missouri, Respondent,**

v.

**Sharon Ann Marie BETHEL, Appellant.**

**No. 38963.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 6, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Application to Transfer Denied
Sept. 12, 1978.

McQuie & Deiter, Walter D. McQuie, Jr., Montgomery City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, Roy L. Richter, Pros. Atty., Montgomery City, for respondent.

SMITH, Judge.

Defendant appeals from her conviction by a jury and resultant five year sentence for selling a controlled substance (marijuana) in violation of Section 195.020.[1] We reverse and remand for new trial.

Defendant attacks the giving of MAI–CR 2.50, Character of Defendant Bearing on Guilt or Innocence, on the basis that it impliedly indicates there was evidence of defendant's bad character. We do not find the instruction subject to this attack. It was required to be given because defendant had introduced evidence of her good character. MAI–CR 2.50, Notes on Use. We believe defendant's reading of the instruction to be unduly strained.

Defendant's other point is that the court erred in failing to instruct the jury on the lesser included offense of delivering less than twenty-five grams of marijuana without remuneration. The evidence warranted a jury finding that defendant sold a "lid" of marijuana to a minor for $15. The state concedes, and the record supports the concession, that there was evidence from which a jury could conclude the "lid" was given to the minor for no remuneration.

Sec. 195.020 prohibits the sale of any controlled substance. A sale includes a gift. Sec. 195.010(30). Marijuana is a Schedule I controlled substance. Sec. 195.017.2(4)(j). The sterilized seeds of marijuana which are not capable of germination are not a controlled substance. Sec. 195.010(20). Upon conviction under Sec. 195.020 based upon a sale of marijuana (if a first felony offense involving controlled substances), the punishment shall range from five years to life imprisonment. Sec. 195.200.1(4). If, however, the delivery involved less than 25 grams of marijuana and delivery was made without remuneration and the offense is the first (presumably felony or misdemeanor), then the maximum punishment is one year in the county jail and/or a fine. Sec. 195.200.1(1)(c). No charge was made and no evidence was produced that the offense here was not the first. Therefore, if the transaction was for remuneration, regardless of the amount transferred, the offense was a felony. If the transaction was without remuneration, it became a felony only if the amount of controlled substance transferred exceeded 25 grams.

The evidence of the state was that the "lid" was marijuana and weighed 25.1 grams. This weight was based upon rounding off to the nearest tenth of a gram, so the actual weight could have ranged from 25.05 grams to 25.15 grams, subject to a scale accuracy of one-hundreth gram, making the range 25.04 to 25.16 grams. Contained within the "lid" and included in the weight were seeds. Whether these seeds were sterilized and incapable of germination and how much they weighed the state's chemist did not know. The only evidence, therefore, of the amount of marijuana transferred is that the transferred substance weighed 25.04 grams and included some unknown amount of seed which might or might not have been a controlled substance. This evidence does not establish beyond a reasonable doubt that the con-

1. All statutory references are to RSMo 1975 Supp. unless otherwise noted.

trolled substance involved exceeded 25 grams in weight. By this we do not mean to indicate that in every case it is necessary to establish precisely the amount of non-controlled substance present in the substance transferred, providing it is reasonable to infer or there is an expert opinion that the non-controlled portion of the substance is not sufficient to lower the weight below the statutory demarcation line. In this case, the weight is too close to the statutory line (within 14 one thousandths of an ounce) to infer that possible non-controlled substances did not push the weight above the 25 gram level.

■ Nor do we accept respondent's contention, supported to some degree by *State v. Dixon*, 546 S.W.2d 774 (Mo.App.1977), that proof of the presence and weight of non-controlled substances within the transferred substance is an exception upon which defendant bears the burden under Sec. 195.-180 RSMo 1969. We do not regard this as an exception. It is not a crime to possess, sell or otherwise transfer non-controlled substances. It is the state's burden to establish that defendant sold controlled substances and, if pertinent, the amount. Sterilized seed is not a controlled substance anymore than blue grass or wheat. If the controlled substance is mixed with a non-controlled substance and the weight of the controlled substance is important, the state must establish what that weight is. *See also State v. Nierstheimer*, 500 S.W.2d 732 (Mo.App.1973).

■ Upon the evidence in the record, it was possible for the jury to conclude that the transaction here involved the sale for remuneration of less than 25 grams of marijuana—a felony. It could also determine that it involved a transfer of less than 25 grams without remuneration—a misdemeanor. Respondent contends that the latter is not a lesser included offense of the former. We cannot agree. While precise definitions of lesser included offenses are not clear under Missouri law (See MAI–CR Comments Lesser Graded or Included Offenses, p. 9), the general test appears to be whether the elements necessary to establish the higher crime would establish all the elements of the lesser crime. By statutory definition, a sale includes delivery with or without remuneration. All of the elements of delivery of less than 25 grams without remuneration are established by proof of delivery of more than 25 grams with or without remuneration, or of delivery of less than 25 grams with remuneration. The decisive question is whether there is evidence to support a finding that the delivery was without remuneration and was of less than 25 grams. We have held both of these elements to have evidentiary support. The only remaining "element" is whether there existed a prior conviction for violation of the controlled substances laws. We do not regard that as an element for purposes of determining whether the misdemeanor is a lesser included offense. *See State v. Thompson*, 299 S.W.2d 468 (Mo.1957) [2–4]. Whether a prior conviction exists is a matter of fact and law to be determined by the court not the jury. Sec. 195.200.3. The state has neither alleged nor proved the existence of such prior conviction so as to eliminate the availability of the misdemeanor. Whether we treat the misdemeanor as a lesser included offense of the felony or as a lesser grade or degree of the felony, an instruction on the misdemeanor was required. See MAI–CR, Comments, Lesser Graded or Included Offenses, p. 13.

Judgment reversed and cause remanded for new trial.

CLEMENS, P. J., and McMILLIAN, J., concur.