**STATE of Missouri, Respondent,**

v.

**James A. LOVELACE, Appellant.**

**No. 40305.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 3, 1979.

Hale W. Brown, Kirkwood, for appellant.

Bradshaw Smith, Pros. Atty., Cape Girardeau, John D. Ashcroft, Atty. Gen., Paul R. Otto, Brenda Farr Engel, Asst. Attys. Gen., Jefferson City, for respondent.

1. Rule 26.10 provides that motions for directed verdict are abolished and motions for judgment of acquittal are substituted therefor.

DOWD, Presiding Judge.

James A. Lovelace was convicted by a jury of three counts of the sale of a controlled substance, marijuana, and sentenced to five years on Count I, five years on Count II (two years concurrent with sentence imposed on Count I and three years consecutive to it) and five years on Count III to run concurrent with sentence on Count I.

This case comes here after transfer by the Missouri Supreme Court, which determined that jurisdiction was properly in the Court of Appeals. On appeal, appellant raises four points contending that Chapter 195 of the Missouri Revised Statutes is unconstitutional, that appellant's motion for directed verdict [sic] of acquittal [1] should have been sustained, that the entrapment instructions were erroneously submitted, and that a mistrial should have been declared when the prosecutor cross-examined appellant concerning a previous sale of marijuana for which appellant was not convicted.

Appellant's first point challenges Chapter 195, the Narcotic Drug Act,[2] as violative of Article I, § 31, Article II, § 1, and Article III, § 1 of the Missouri Constitution. These articles deal with the delegation and separation of powers. Appellant argues that the authority of the Missouri Division of Health to reclassify controlled substances and to amend their schedules is an unconstitutional delegation of the power to fix punishment because an amendment may result in a greater punishment. In support of his argument, appellant cites only one case, *Howell v. State*, 300 So.2d 774 (Miss.1974) which is not controlling in this state.

 It is not necessary to determine if Chapter 195 is unconstitutional because appellant lacks standing to raise the issue. The general rule is that a constitutional challenge to a statute may only be made by one whose rights are adversely affected or are about to be harmfully affected by operation of the statute, *State v. Brown*, 502

2. Missouri is one of several states adopting the Uniform Controlled Substances Act, which is embodied in Chapter 195.

S.W.2d 295, 305[20] (Mo.1973), and more specifically, he must be adversely affected by that particular aspect of the statute which he attacks. In *State v. Randall*, 540 S.W.2d 156, 160[7] (Mo.App.1976) wherein the defendant's complaint that Chapter 195 was unconstitutional because it improperly delegated authority to the Division of Health to add controlled substances to the schedules was rejected on the grounds that he lacked standing where no action of the Division of Health affected him. Likewise here, no reclassification, amendment or other action of the Division of Health harmfully affected appellant, so he is without standing to raise the constitutional issue. However, we note that the issue was presented and rejected in *State v. Davis*, 450 S.W.2d 168, 170[1] (Mo.1970).

■ Appellant's next point is that his motion for judgment of acquittal should have been sustained because the evidence was not sufficient for conviction in that there was no evidence showing that the substances obtained from appellant were the statutorily proscribed portions of marijuana as described in § 195.010(20) RSMo, 1975 Supp. Appellant's argument in support of this point is that the testimony of the state's expert witnesses did not indicate whether the samples tested were legally prohibited portions of the marijuana plant or whether the samples tested were portions excluded from statutory prohibition.

This argument is specifically refuted by § 195.180, RSMo 1969 which states that "the burden of proof of any exception, excuse, proviso or exemption [in any proceeding brought for enforcement of the provisions of Chapter 195], shall be upon the defendant." The state proved the substances obtained from appellant were marijuana by the testimony of Everett Markway, Jr. and Affton Ware, forensic chemists for the Missouri State Highway Patrol. They testified that three chemical tests performed on the substances showed that they were marijuana. Once the state proved that fact, the burden was on appellant to prove that the

substances were portions of the marijuana plant excluded from the statute. The record reveals no evidence to meet this burden. Thus, the state's evidence that the substances were marijuana was sufficient to submit the matter to the jury. See, e. g., *State v. Page*, 395 S.W.2d 146, 148[3] (Mo. 1965).

■ Appellant's third point follows: "The Court erred in giving a verdict instruction on each of the three counts and the entrapment instructions numbered six, eight and ten which were referred to in each of the three verdict directing instructions for the reason that the said entrapment instructions required the jury to find entrapment on each of the three counts before they could find entrapment on any of the three counts and for the further reason that the state gave no evidence that could be considered beyond a reasonable doubt as was required by instructions numbered six, eight and ten, the entrapment instructions, and therefore such instruction was necessary and there was no evidence to support the giving of such an instruction and the court did thereby err."

As we understand this point, appellant is contending the trial court erred in submitting three separate entrapment instructions to correspond with the three separate verdict-directing instructions. The entrapment instructions were tendered by appellant in accord with the practice mandated in the Notes on Use following MAI–CR 3.28 and 2.04. There was no error in giving three separate entrapment instructions.

■ Appellant's final point is that the trial court should have declared a mistrial when the prosecutor asked defendant on cross-examination if he had not sold marijuana to Trooper Robert Currier[3] one year earlier. The challenged cross-examination follows:

"Q. Mr. Lovelace, did you not, on September 19th, in the car being driven by Robert Currier on the way to the Ramada

**3.** Trooper Currier, a member of the Intelligence and Investigative section of the Missouri High-

way Patrol, was the undercover agent to whom appellant allegedly sold marijuana.

Inn to receive the Sixth Thousand and Fifty Dollars, ask Trooper Currier if he was not the man that a year ago you had sold thirty pounds to?

A. No, that is not correct.

Q. Am I close?

A. Yes; I asked him if he had bought thirty pounds a year ago because I knew of another transaction that had gone down at that time to somebody in Sikeston."

Defense counsel did not object or request a mistrial. The point was not preserved in appellant's motion for new trial, and thus has not been preserved for appeal. *State v. Duke*, 534 S.W.2d 830, 831[1] (Mo.App.1976); *State v. Tidwell*, 500 S.W.2d 529, 531[2] (Mo.App.1973). And, we decline to apply the plain error doctrine, Rule 27.20(c), because we cannot find that the question resulted in manifest injustice or a miscarriage of justice, *State v. Wendel*, 542 S.W.2d 339, 343[14] (Mo.App.1976), inasmuch as appellant immediately thereafter explained what exactly he had asked Trooper Currier.

Judgment is affirmed.

CRIST and SATZ, JJ., concur.