STATE of Missouri, Respondent,

v.

Paul E. UNDERWOOD, Appellant.

No. 14331.

Missouri Court of Appeals,
Southern District,
Division One.

May 28, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied
June 19, 1986.

Application to Transfer Denied
Sept. 16, 1986.

William L. Webster, Atty. Gen., Paul La-
rose, Asst. Atty. Gen., Jefferson City, for
respondent.

Peter Stragand, St. Louis, for appellant.

TITUS, Presiding Judge.

In a two-count information, defendant
was charged with twice violating § 195.-
020.6 [1] by selling to an undercover patrol-
man "an imitation controlled substance, to
wit: a white powder represented by the
defendant to be heroin...." Following a
court trial, defendant was declared guilty
of both counts and sentenced to five years'
imprisonment on each count to run consec-
utively. Defendant appealed.

Per stipulation and by testimony of the
state's lone witness (which was the only
evidence proffered), the defendant sold the
trooper clear heat-sealed plastic squares
that contained white powder which the de-
fendant assured the trooper was "some fire
heroin that's some bad stuff." The state's
proof showed the sold substance was not
heroin; however, the state nowhere under-
took to prove what it actually was.

The statutes with which we are con-
cerned read:

Section 195.010 ... (19) *'Imitation con-
trolled substance'* means a substance
that is not a controlled substance, which
by dosage unit appearance (including col-
or, shape, size and markings), or by rep-
resentations made, would lead a reason-
able person to believe that the substance
is a controlled substance. In determin-
ing whether the substance is an *'imita-
tion controlled substance'* the court or
authority concerned should consider, in
addition to all other logically relevant
factors, the following: ... (b) State-
ments made by an owner or by anyone
else in control of the substance concern-
ing the nature of the substance, or its
use or effect; (c) Whether the substance
is packaged in a manner normally used
for illicit controlled substances; ... (f)
... An imitation controlled substance
does not include a noncontrolled sub-
stance that was initially introduced in
commerce prior to the initial introduction
into commerce of the controlled sub-

---

**1.** Statutory references are to V.A.M.S.

stance which it is alleged to imitate. Furthermore, an imitation controlled substance does not include a placebo or registered investigational drug either of which was manufactured, distributed, possessed or delivered in the ordinary course of professional practice or research;

Section 195.180. In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this law, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this law, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant.

Relying on § 195.010(19)(f), defendant asserts the court nisi erred in denying his motion for judgment of acquittal because the state failed to adduce evidence that the white powder sold the trooper in clear heat-sealed plastic squares was not an excluded imitation controlled substance, i.e., the state failed to prove the powder was not "a noncontrolled substance that was initially introduced in commerce prior to the initial introduction into commerce of the controlled substance which it is alleged to imitate." Or, as argued by defendant, as the state's evidence failed to show what precise noncontrolled substance was sold by defendant to the trooper there was insufficient evidence to warrant the conviction.

It is to be noted, which defendant apparently overlooks, that § 195.010(19)(f) provides "An imitation controlled substance *does not include....*" (Emphasis supplied). Thus the emphasized portion terms this subsection of the definition as an exception. Also to be remembered is that under § 195.180, in any pleading "and in any action or proceeding brought for the enforcement of any provision of this law, it shall not be necessary to negative any exception ... or exemption, contained in this law, and the burden of proof of any such exception ... or exemption, shall be upon the defendant." Ergo, the state had no burden of proving the white powder had

not been introduced into commerce prior to defendant's sale thereof to the trooper. Rather that burden was on defendant and as he presented absolutely no evidence, he did not meet that burden. *State v. Miller,* 588 S.W.2d 237 (Mo.App.1979); *State v. Lovelace,* 585 S.W.2d 507 (Mo.App.1979); *State v. Kane,* 586 S.W.2d 812 (Mo.App. 1979); *State v. Netzer,* 579 S.W.2d 170 (Mo.App.1979).

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.

