**STATE of Missouri, Plaintiff–Respondent,**

v.

**Donald F. HYZER, Defendant–Appellant.**

**Donald F. HYZER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 16697, 17104.

Missouri Court of Appeals, Southern District, Division Two.

June 19, 1991.

Ellen H. Flottman, Columbia, for defendant-appellant and movant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent and respondent-respondent.

SHRUM, Judge.

The defendant Donald F. Hyzer was convicted by a jury of selling marijuana and was sentenced to 10 years' imprisonment in accordance with the jury's recommendation. He appeals from that judgment and sentence in case number 16697. In case number 17104, the defendant appeals from the judgment denying him the postconviction relief he sought pursuant to Rule 29.-15. This court consolidated the two appeals.

The single question we must decide in No. 16697 is whether the trial court erred when it instructed the jury that the only possible range of punishment was five to fifteen years and did not allow the jury to determine the amount of marijuana sold, thereby precluding the jury from considering a lesser range of punishment for selling five grams or less.

Because we have determined the jury was misdirected on the range of punishment, we reverse and remand for a new trial. By reason of our decision in No. 16697, there is no judgment to consider in No. 17104 and that appeal is dismissed.

CASE NO. 16697

FACTS

Evidence supporting the defendant's conviction for selling marijuana follows.

On August 11, 1984, in Joplin, Missouri, an undercover agent agreed to purchase a bag of marijuana from the defendant for $30. The transaction was tape recorded by a law officer. The undercover agent delivered the bag to Joplin Police Detective Dacy. The bag ultimately was delivered to the Regional Crime Lab at Joplin where assistant lab director Mosher tested the contents which he determined to be marijuana.

At trial the prosecutor asked Dr. Mosher "how much the marijuana weighed ... prior to you taking a sample?" Before Mosher answered, the defendant's lawyer was allowed to voir dire the witness:

Q. Dr. Mosher, were you asked by the authorities or by anybody to, before you took the weight of the substance, to remove from it the mature stalks of the plant, the fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of mature stalks, fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination?

THE WITNESS: No, I was not.

The court permitted no additional voir dire and the state continued its examination:

Q. Dr. Mosher, it's my understanding you did weigh that marijuana, is that correct?

A. Yes. I weighed the contents of this bag.

Q. .... And before you took a sample out to test it, what was the weight of the marijuana that you weighed?

A. It was 5.47 grams.

On cross-examination, defendant's attorney elicited additional testimony from Dr. Mosher about the weight of the material:

Q. .... Before you, or at any time, did you weigh the sample [1], or in connection with your examination of the sample, State's Exhibit 1, were you asked to weigh it, so as to exclude the mature stalks of the plant and derivatives, as, and as well the sterilized seed of the plant which is incapable of germination?

A. As I answered earlier, no.

Q. .... Now you have examined the ... sample out in the hallway, but— isn't that correct?

A. That is correct.

Q. Just today?

A. Yes.

1. The defendant's attorney apparently used the word *sample* to refer to the entire contents of the bag rather than the .2 gram sample Dr. Mosher analyzed in order to determine that the bag contained marijuana.

Q. And ... there are quite a few seeds there?

A. There are some seeds in the sample, that is correct.

Q. Right. And now it's fair to say now that most if not all of those seeds would be considered sterilized seeds of the plant incapable of germination?

A. I would think after this long a time those seeds will not germinate.

Q. Okay. It's fair to say, however, that on—I think you made that examination on August 14th of 1984?

A. That is correct.

Q. There's no way for you to determine at this late date whether or not those seeds were capable of germination back then, isn't that true, sir?

A. That is true.

Q. So isn't it true, Dr. Mosher, that you cannot tell the Court and the jury that the sample, State's Exhibit 1, the weight of that sample if the seeds were excluded, the seeds which might have been sterilized and incapable of germination—isn't it true that you cannot tell us that ... the weight of the sample exceeded five grams?

A. No, I cannot.

Q. In fact, you don't know what the weight of the sample would be if those seeds ... were excluded?

A. That is correct.

Over the defendant's objection, the trial court instructed the jury, in pertinent part, as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 11, 1984 ... the defendant sold Marihuana to Michael Kime, and

Second, that the defendant knew that he sold it, and

Third, that defendant was aware of the nature and character of the substance, then you will find the defendant guilty of selling marihuana.

. . . .

If you do find the defendant guilty of selling marihuana, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years.

The trial court rejected the defendant's tendered instruction, which was identical to the instruction given except that it set forth the range of punishment for a class C felony, the maximum punishment being seven years.

The jury found the defendant guilty, assessed his punishment at 10 years, and, in accordance with the jury's verdict, the court imposed the 10–year sentence. This appeal followed.

## ANALYSIS AND DECISION

The state concedes that § 195.211, enacted in 1989, applies to this case. *See State v. Freeman*, 791 S.W.2d 471, 473 (Mo.App. 1990). Section 195.211 became effective August 28, 1989, after the defendant was charged but before his conviction and sentencing.

If a person sells more than 5 grams of marijuana, the offense is a class B felony. Section 195.211.2, RSMo Cum.Supp.1990. If the amount of marijuana sold is 5 grams or less, the offense is a class C felony. Section 195.211.3, RSMo Cum.Supp.1990. The range of punishment for a class B felony is five to fifteen years. Section 558.011.1(2), RSMo 1986. For a class C felony, the maximum punishment is seven years. Section 558.011.1(3), RSMo 1986. By legislative definition, marijuana, as a controlled and prohibited substance, "does not include ... the sterilized seed of the plant which is incapable of germination." Section 195.010(26), RSMo Cum.Supp.1990.[2]

2. Section 195.010 reads in part:

The following words and phrases as used in sections 195.005 to 195.425, unless the context otherwise requires, mean:

. . . .

(26) "Marijuana", all parts of the plant genus Cannabis in any species or form thereof.... *It does not include* the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, de-

In this case, the only evidence of the weight of the material sold by the defendant came from the state's witness, Dr. Mosher, who acknowledged that the bag of marijuana contained seeds that might have been incapable of germination. According to § 195.010(26), such seeds, although botanically marijuana, are not statutorily marijuana. Dr. Mosher testified that if the seeds were excluded, he could not tell the jury the precise weight of the marijuana nor could he say the weight of the marijuana without the seeds exceeded five grams. This evidence does not establish beyond a reasonable doubt that the weight of the controlled substance exceeded five grams. The trial court erred when it failed to instruct the jury on the class C felony of selling five grams or less of marijuana. *See State v. Bethel,* 569 S.W.2d 270, 271–72 (Mo.App.1978).

In *Bethel,* the applicable statute established 25 grams as the demarcation line between a felony and a misdemeanor in the sale of marijuana. The state's evidence in *Bethel* was that the actual weight of the substance transferred could have ranged from 25.04 grams to 25.16 grams. There were seeds in the substance, and the state's chemist did not know if the seeds were sterilized and incapable of germination, nor did he know how much the seeds weighed.

The defendant in *Bethel* appealed her felony conviction claiming the trial court erred in failing to instruct the jury on "the lesser included offense of delivering less than 25 grams of marijuana without remuneration." The Court of Appeals, Eastern District, in reversing the conviction and remanding for a new trial, stated:

[I]t was possible for the jury to conclude that the transaction here involved the sale for remuneration of less than 25 grams of marijuana—a felony. It could also determine that it involved a transfer of less than 25 grams without remuneration—a misdemeanor.... Whether we treat the misdemeanor as a lesser included offense of the felony or as a lesser grade or degree of the felony, an instruction on the misdemeanor was required.

569 S.W.2d at 272. In *Bethel,* the chemist testified he did not know if the seeds were sterilized; in the case before us, Dr. Mosher conceded he could not determine whether the seeds were capable of germination at the time of the sale of the marijuana. We believe the facts before us present as strong a case for a class C felony instruction as the *Bethel* facts do for a misdemeanor instruction.

The state argues, as it did in *Bethel,* that under § 195.180 [3] the defendant bears the burden of proving the presence and weight of non-controlled substances. In rejecting that argument, we adhere to the following reasoning from *Bethel.*

We do not regard this as an exception. It is not a crime to possess, sell or otherwise transfer non-controlled substances. It is the state's burden to establish that defendant sold · controlled substances and, if pertinent, the amount. Sterilized seed is not a controlled substance anymore than blue grass or wheat. If the controlled substance is mixed with a non-controlled substance and the weight of the controlled substance is important, the state must establish what that weight is.

569 S.W.2d at 272. In this case, the evidence was that the controlled substance might have been mixed with a non-controlled substance. The weight of the controlled substance was the single factor that determined the range of punishment. Because Dr. Mosher said he did not know if

rivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, or *the sterilized seed of the plant which is incapable of germination* ... (emphasis added).

**3.** Section 195.180, RSMo Cum.Supp.1990 provides:

2. In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of sections 195.005 to 195.425, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in sections 195.005 to 195.425, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant.

With exceptions not applicable here, § 195.-180.2 is identical to the version of § 195.180 under consideration in *Bethel.*

the seeds were capable of germination and he could not testify about the precise weight of the substance exclusive of seeds or even if the weight of the substance would exceed five grams if the seeds were excluded, it is not reasonable to infer that the weight of the seeds was insufficient to lower the weight of the controlled substance to five grams or less.

Our belief that the court should have allowed the jury to consider convicting the defendant of a class C felony is confirmed by examining MAI–CR 3d 325.04 (9–1–90).[4] Notes on Use paragraph 2 states that part 1 of the instruction should be used to submit the class B felony (more than 5 grams of marijuana) and part 2 to submit the class C felony (5 grams or less of marijuana) "either because it was so charged, or as a lesser included offense, or as the highest degree supported by the evidence or submitted by the state." MAI–CR 3d at 325–9.

The Notes on Use following MAI–CR 3d 325.04 do not direct when part 2 of the instruction must be given. *See, e.g., Bethel,* where the court stated:

> [W]e do not mean to indicate that in every case it is necessary to establish precisely the amount of non-controlled substance present in the substance transferred, providing it is reasonable to infer or there is an expert opinion that the non-controlled portion of the substance is not sufficient to lower the weight below the statutory demarcation line.

569 S.W.2d at 272. In the case before us, however, Dr. Mosher, the only expert who testified, could not tell the jury that the absence of the non-controlled substance would not lower the weight of the controlled substance to five grams or less. If he, as the expert, could not make that determination, the court cannot draw that inference.

The state's reliance on *State v. Lovelace,* 585 S.W.2d 507 (Mo.App.1979), is misplaced. In *Lovelace,* the defendant was convicted on three counts of selling marijuana and sentenced to five years on each count. Under the law at that time, marijuana was a schedule I controlled substance. Section 195.017.2(4)(j), RSMo Cum. Supp.1975. The definition of controlled-substance marijuana excluded certain parts of the plant, such as sterilized seeds, § 195.010(20), RSMo Cum.Supp.1975, and the range of punishment for the sale of any amount of controlled-substance marijuana was five years to life imprisonment. Section 195.200.1(4), RSMo Cum.Supp.1975. On appeal, the defendant argued that the evidence was not sufficient for conviction because there was no evidence that the substances obtained from him were "the statutorily proscribed *portions* of marijuana as described in § 195.010(20), RSMo 1975 Supp." 585 S.W.2d at 509 (emphasis added). In rejecting that argument, the Missouri Court of Appeals, Eastern District, said the state proved the substance was marijuana by the testimony of two chemists, and, relying upon § 195.180, RSMo 1969, the court said:

> Once the state proved that fact, the burden was on appellant to prove that the substances were *portions* of the marijuana plant excluded from the statute. The record reveals no evidence to meet this burden. Thus, the state's evidence that

---

4. MAI–CR 3d 325.04 had not been published when this case was tried. We recognize that trial counsel and the trial court did not have the opportunity we now have to consider this pattern instruction. In pertinent part, the instruction reads:

1. CLASS B FELONY: ... MORE THAN 5 GRAMS OF MARIJUANA
First, that ... the defendant sold ... more than 5 grams of marijuana, a controlled substance....

....

If you do find the defendant guilty of selling more than 5 grams of marijuana you will assess and declare the punishment at....

2. CLASS C FELONY: ... 5 GRAMS OR LESS OF MARIJUANA
If you do not find the defendant guilty of selling more than 5 grams of marijuana under Instruction No. _____, you must consider whether he is guilty of selling marijuana under this instruction.

....

First, that ... the defendant sold marijuana, a controlled substance....

....

If you do find the defendant guilty of selling marijuana you will assess and declare one of the following punishments:....

**480**

the substances were marijuana was sufficient to submit the matter to the jury. 585 S.W.2d at 509 (emphasis added).

We do not read *Lovelace* as relieving the state from its burden of proving all elements of the crime beyond a reasonable doubt. In *Lovelace*, the amount of marijuana was not an element of the crime; the court used the word *portions* to refer to parts of the plant, not quantity. Once the state proved the substance was marijuana, the defendant had the burden of persuading the jury that none of the marijuana portions sold were controlled substances.[5] Because the defendant offered no proof to carry his burden of persuasion, the *Lovelace* court concluded there was sufficient evidence to support the conviction.

By contrast, in the case before us, the amount of controlled substance sold is an element of the crime because the state sought to prove the defendant committed a class B felony. Testimony from the state's own witness raised the question of whether all the transferred material was a controlled substance; it was not the defendant's burden to offer evidence about the weight of non-controlled substances to be entitled to an instruction on the class C felony offense. The evidence was such that giving a class C felony instruction was necessary in order to correctly instruct the jury on the possible ranges of punishment, depending on how the jury resolved the weight issue.

We hold that the failure to instruct on the offense of selling five grams or less of marijuana was prejudicial error. We reverse the judgment and remand for new trial. *See State v. Cline,* 808 S.W.2d 822, 827 (Mo.banc 1991) (Rule 29.04 does not authorize the trial court to amend the punishment declared by a jury where the jury has been misdirected on that issue).

Reversed and remanded for new trial.

### CASE NO. 17104

Because we have reversed the judgment in No. 16697, there is no judgment to consider in No. 17104. That appeal is hereby dismissed.

FLANIGAN, C.J., and PARRISH, P.J., concurs.

---

5. *See* Notes on Use paragraph 7, MAI CR 3d 325.04 for comment on "burden of persuasion" as it relates to § 195.180.