STATE of Missouri, Respondent,

v.

David Carl MCCLAIN, Appellant.

No. WD 70253.

Missouri Court of Appeals, Western District.

Jan. 19, 2010.

Matthew Ward, Assistant State Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division III: JAMES E. WELSH, P.J., and MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

MARK D. PFEIFFER, Judge.

David McClain (McClain) appeals the trial court's judgment convicting him of one count of the class C felony of possession of a controlled substance in violation

of section 195.202.[1] On appeal, he presents one point in which he claims that the trial court erred in overruling his motion for acquittal on the possession charge because the State failed to establish an element of its *prima facie* case: that the marijuana weighed over 35 grams. We reverse and remand.

A police officer with the Columbia Police Department was stopped in his patrol vehicle at the intersection of Garth and Business Loop 70 in Columbia, Missouri. In front of him were a few other vehicles. When the light turned green, the police officer drove straight through the intersection. The vehicle in front of him accelerated quickly. The police officer found this suspicious and ran the vehicle's plates on his car's mobile data terminal. From this terminal, the police officer discovered that the vehicle belonged to McClain, who had an active arrest warrant. The police officer then activated his lights and stopped McClain's vehicle.

The police officer called for backup. Once the backup arrived, the police approached McClain. The police received positive identification that the person in the vehicle was McClain. They arrested him. They searched his vehicle and found a brown bag that contained eleven individually wrapped baggies containing a green substance, which appeared to be marijuana.

After McClain's arrest, the State eventually filed its second amended information against McClain, charging him with the class C felony of possession of a controlled substance in violation of section 195.202. McClain's case proceeded to trial. At trial, the State called its expert witness, the State's chemist, who testified that the substance was marijuana and that the substance weighed 38.30 grams. During cross-examination, the State's expert witness admitted that the substance he weighed included stems and seeds. The expert did not know the weight of the stems or seeds. At the close of the evidence, the jury returned a verdict finding McClain guilty of the class C felony of possession of a controlled substance. The trial court entered judgment and sentenced McClain to a term of six years in the department of corrections. This appeal follows.

In his sole point on appeal, McClain claims that the trial court erred in overruling his motion for acquittal on the charge of the class C felony of possession of a controlled substance in violation of section 195.202 because the State failed to establish an element of its *prima facie* case: that the marijuana in his possession weighed over 35 grams. McClain concedes that the State's expert witness testified that the baggies contained 38.30 grams of marijuana, but maintains that this measurement included the weight of stems and seeds, which are not controlled substances. He claims that the State failed to present any evidence that the marijuana, without the stems and seeds, weighed over 35 grams.

Our review of whether or not the trial court erred in overruling McClain's motion for judgment of acquittal is limited to determining whether or not the evidence was sufficient to persuade a reasonable juror, beyond a reasonable doubt, of each of the crime's elements. *State v. Redifer*, 215 S.W.3d 725, 730 (Mo.App. W.D.2006). We do not weigh the evidence or judge the witnesses' credibility. *Id.* We review the evidence in a light most favorable to the verdict and disregard all contrary evidence. *Id.* at 730–31.

---

■ The Due Process Clause requires the State to prove every element of the crime charged beyond a reasonable doubt. *Id.* at 730. In this case, the State charged McClain with one count of the class C felony of possession of a controlled substance in violation of section 195.202, which states that:

1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance.

2. Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana is guilty of a class C felony.

3. Any person who violates this section with respect to not more than thirty-five grams of marijuana is guilty of a class A misdemeanor.

In its second amended information, the State alleged that "[i]n the County of Boone, State of Missouri, the defendant possessed more than 35 grams of marijuana, a controlled substance, knowing of its presence and nature[.]" Thus, to convict McClain of possession of 35 grams of marijuana, there had to be evidence in the record that McClain (1) possessed marijuana (2) in the amount of more than 35 grams, and (3) had knowledge of its presence and nature. *State v. Burns,* 877 S.W.2d 111, 112 (Mo. banc 1994).

McClain and the State agree that the State's criminalist testified that the content of the baggies weighed 38.30 grams:

Q: Once you have completed weighing the marijuana and determining the weight—let me ask you this: Once you have weighed it, did you come up with a final weight on it?

A. Yes.

Q. What was the total weight of the contents of the 11 bags in State's Exhibit 3?

A. It was 38.30 grams.

McClain points out that the criminalist admitted during cross-examination that the contents of the baggies included stems and seeds.

Q. Now, the plant material that was submitted to you, that contains some stems; would you agree with that?

A. There may be a few in there.

Q. Okay. And also some seeds are in there as well?

A. Yes.

The General Assembly, however, has excluded stems and certain seeds from the definition of marijuana:

[A]ll parts of the plant genus Cannabis in any species or form thereof, including, but not limited to Cannabis Sativa L., Cannabis Indica, Cannabis Americana, Cannabis Ruderalis, and Cannabis Gigantea, whether growing or not, the seeds thereof, the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination[.]

Section 195.010(24).

The State's criminalist also admitted during cross-examination that he did not separate the stems and seeds from the marijuana and that he did not know how their weight affected the overall weight of the weighed substance:

Q. Okay. In any event, the stems that are in those bags, that's not a controlled substance; correct?

A. A lot of times we do a mixture containing this plant material as one.

Q. But you didn't separate the stems that aren't controlled substances from the plant material?

A. No.

Q. And the seeds that aren't controlled substances from the plant material; right?

A. That is correct.

Q. Okay. So you don't know how much that is a part of the weight?

A. No.

From this testimony, it is clear that, when the State's criminalist testified that the substance weighed 38.30 grams, he was including the weight of the controlled substance and the weight of some non-controlled substances.

The parties disagree on the significance of this evidence. McClain argues that, because the State's criminalist conceded that there were some non-controlled substances intermingled with the controlled substance when he weighed the contents of the baggies, the State failed to present any evidence that the controlled substance, by itself, weighed over 35 grams. The State, however, maintains that it only had the burden to offer testimony that the contents of the baggies weighed over 35 grams and that once it carried that burden, pursuant to section 195.180, the burden switched to McClain to establish that the non-controlled substances weighed enough to reduce the weight of the controlled substance portion of the substance to less than 35 grams. The State argues that, since McClain did not offer any evidence regarding the weight of non-controlled substances, he did not carry his burden of proof and the State's evidence was sufficient to submit the issue to the jury. Thus, the main issue for us to decide is whether or not section 195.180 shifted the burden to McClain to establish

that the non-controlled substances, like the stems, weighed enough to reduce the controlled substance portion of the substance to under 35 grams.

Section 195.180 states that:

1. A person may lawfully possess or have under his control a controlled substance if such person obtained the controlled substance directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of a practitioner's professional practice or except as otherwise authorized by sections 195.005 to 195.425.

2. In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of sections 195.005 to 195.425, *it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in sections 195.005 to 195.425, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant.*

(Emphasis added.)

The State is correct that, pursuant to this section, some courts have stated that the defendant has the burden to produce evidence that the weighed substance contained a portion of the marijuana plant excluded from the definition of marijuana. *See State v. Sullivan,* 935 S.W.2d 747 (Mo. App. S.D.1996); *State v. Lovelace,* 585 S.W.2d 507 (Mo.App. E.D.1979). For example, in *Lovelace,* the defendant claimed that the trial court erred in overruling his motion for judgment of acquittal because the State failed to establish that the substance that the police obtained from the appellant was the statutorily proscribed portions of marijuana as defined in section 195.010. 585 S.W.2d at 509.

In denying his claim, the Eastern District held that the State's evidence was

sufficient to submit the matter to the jury because the defendant never produced any evidence that substances were portions of the marijuana plant excluded from the statute:

> This argument is specifically refuted by [§ ] 195.180, RSMo 1969 which states that "the burden of proof of any exception, excuse, proviso or exemption (in any proceeding brought for enforcement of the provisions of Chapter 195), shall be upon the defendant." The state proved the substances obtained from appellant were marijuana by the testimony of Everett Markway, Jr. and Affton Ware, forensic chemists for the Missouri State Highway Patrol. They testified that three chemical tests performed on the substances showed that they were marijuana. *Once the state proved that fact, the burden was on appellant to prove that the substances were portions of the marijuana plant excluded from the statute. The record reveals no evidence to meet this burden. Thus, the state's evidence that the substances were marijuana was sufficient to submit the matter to the jury.*

(Emphasis added.)

Similarly, in *Sullivan,* the State convicted the defendant of possession of more than 5 grams of marijuana with the intent to distribute. 935 S.W.2d at 758. On appeal, the defendant claimed that the State failed to present sufficient evidence to convict him because it was possible that the marijuana contained seeds and other plant materials that did not meet the statutory definition of marijuana. *Id.* The Southern District denied his claim because the defendant failed to present any evidence that there were stems or seeds in the marijuana:

> Defendant asserts that the State's expert did not indicate whether the samples tested were legally prohibited portions of the marijuana plant or whether the samples tested were portions excluded from statutory prohibition. However, once the State demonstrated that the substance was marijuana, the burden was on Defendant to prove that the substance contained portions of the marijuana plant excluded from the statute. Therefore, as Defendant failed to carry his burden on this issue, the point is denied.

(Internal citation omitted.)

Although the State is correct that these courts denied the defendants' claim on the basis that the defendants failed to carry their burden to present evidence that the marijuana contained seeds and other plant materials that are not classified as marijuana, we do not believe that these cases relieve the State of its ultimate burden of providing that the amount of marijuana was over the statutory limit. *See State v. Hyzer,* 811 S.W.2d 475, 480 (Mo.App. S.D. 1991) (stating that it does "not read *Lovelace* as relieving the State from its burden of proving all elements of the crime beyond a reasonable doubt").

In both *Lovelace* and *Sullivan,* the State's expert testified that the substance was marijuana, but never affirmatively indicated whether or not the tested sample included any portion of the marijuana plant that the General Assembly had excluded from the definition of marijuana. *Sullivan,* 935 S.W.2d at 758; *Lovelace,* 585 S.W.2d at 509. The defendant in these cases, however, never asked the expert whether or not the substance contained non-controlled substances nor did he produce any evidence establishing that the substance did contain non-controlled substances. *Id.* Rather, in both cases, the defendant merely surmised on appeal that the weighed substance may have contained non-controlled substances. *Id.* In that case, the courts held that, without any evidence to suggest that the substance contained any non-controlled substances,

the State's evidence that the substance was a controlled substance was sufficient to submit the matter to the jury. *Id.* In other words, we read *Lovelace* and *Sullivan* as holding that the defendant cannot be successful on a motion for acquittal on this issue when he merely points out that the State's expert did not specifically and affirmatively exclude the possibility that a non-controlled substance was mixed with the controlled substance. Thus, we read *Lovelace* and *Sullivan* as holding only that, under section 195.180, the defendant must produce some evidence that there are non-controlled substances mixed with the controlled substance.

These cases, however, never dealt with the situation where the record contained evidence that established that the substance weighed contained a non-controlled substance. In fact, cases where the record showed that either the State's own evidence or the defendant's evidence established that the substance weighed contained a non-controlled substance, have held that the State has the burden to establish that the controlled substance portion of the weighed substance weighed over the statutory limit. *See, e.g., State v. Cryderman*, 230 S.W.3d 370, 372 (Mo.App. S.D.2007) (because the evidence established that the weighed substance included the weight of the plastic bag, the State had the burden to prove that the weight of the bag did not lower the weight below the statutory demarcation line); *Hyzer*, 811 S.W.2d at 480 (holding that, because the State's expert witness's testimony raised the question of whether all the weighed substance was a controlled substance, the State had the burden to prove that the controlled substance weighed over the statutory limit); *State v. Bethel*, 569 S.W.2d 270, 272 (Mo.App.1978) (holding that if a controlled substance is mixed with a non-controlled substance and the weight of the controlled substance is a proof element, then the State must establish the weight of the controlled substance). Thus, in cases where the record establishes that the controlled substance is mixed with non-controlled substances, the State must establish that the removal of the non-controlled substances would not reduce the substance's weight below the statutory limit. It is not the defendant's burden to establish that the removal of the non-controlled substances reduces the weight of the substance below the statutory limit. *Cryderman*, 230 S.W.3d at 372; *Hyzer*, 811 S.W.2d at 480; *Bethel*, 569 S.W.2d at 272. To hold otherwise would eliminate one of the State's proof elements.

In this case, as we noted above, through his cross-examination of the State's expert witness criminalist, McClain did elicit testimonial evidence that there were, at least, a few stems mixed with the marijuana. Having presented this evidence, McClain carried his burden under *Lovelace* and *Sullivan*, to present evidence that there were non-controlled substances mixed with the marijuana. *Sullivan*, 935 S.W.2d at 758; *Lovelace*, 585 S.W.2d at 509. At that point, it became the State's burden to establish that the non-controlled substances did not reduce the weight of the controlled substance below 35 grams. *See Cryderman*, 230 S.W.3d at 372; *Hyzer*, 811 S.W.2d at 480; *Bethel*, 569 S.W.2d at 272. As the court noted in *Cryderman*:

> The weight of the non-controlled substance must be determined by some reasonable manner. However, the State is not required to present the exact weight of every non-controlled substance in the substance transferred if it is reasonable to infer or if there is an expert opinion that the non-controlled portion of the substance is not sufficient enough to lower the weight below the required amount for the charge.

230 S.W.3d at 372.

In this case, the State never elicited any testimony from its criminalist regarding

the weight of the non-controlled substances that were mixed with the marijuana or the weight of the marijuana without the non-controlled substances. Furthermore, we do not believe that it was reasonable for the jury to infer that the marijuana without the stems would have weighed at least 35 grams. The State's criminalist testified that the contents of the baggies, which included the marijuana and the stems, weighed 38.30 grams. The criminalist also testified that there were a "few" stems in the marijuana. An individual gram is not a substantial amount of weight. *See State v. Reyes,* 862 S.W.2d 377, 379 (Mo.App. S.D.1993) (noting that a nickel weighs approximately five grams). Thus, given the fact that there were at least a "few" stems in the marijuana and that the total contents of the baggies were only 3.30 grams over the statutory threshold, we conclude that it cannot be said with any reasonable certainty that there was at least 35 grams of the controlled substance of marijuana in the baggies. *See State v. Givens,* 917 S.W.2d 215, 219 (Mo.App. W.D.1996) (weight was too close to the statutory limit to say that the non-controlled substance did not push it over the limit); *Bethel,* 569 S.W.2d at 271–72 (holding that it was impossible to say that the substance contained 25 grams of marijuana when the evidence established that the marijuana and the seeds weighed 25.04 grams). The trial court erred in overruling McClain's motion for a judgment of acquittal on the one count of the class C felony of possession.

■ Of course, as the State points out in its brief, McClain is not entitled to be discharged because we found that the evidence was insufficient to establish the State's *prima facie* case for the class C felony of possession. Well-established law states that, when we overturn a conviction for insufficient evidence, we may enter a conviction for the lesser offense if the evidence was sufficient for the jury to find all the necessary elements for that offense. *State v. Dixon,* 70 S.W.3d 540, 545–46 (Mo. App. W.D.2002).

The proof elements for the class C felony of possession of marijuana are (1) possession of marijuana, (2) in the amount of more than 35 grams, and (3) knowledge of its presence and nature. *Burns,* 877 S.W.2d at 112. The proof elements of the class A misdemeanor of possession of marijuana are (1) possession of marijuana and (2) knowledge of its presence and nature. *State v. Power,* 281 S.W.3d 843, 848 (Mo. App. E.D.2009). The class A misdemeanor of possession is a lesser offense of the class C felony of possession. Thus, even though the State failed to prove that McClain possessed more than 35 grams of marijuana, it did prove that he possessed marijuana. And, in fact, McClain's attorney admitted in his closing argument that McClain was guilty of possessing marijuana. Conversely, he argued that McClain was just not guilty of possessing over 35 grams of marijuana. He urged the jury to convict McClain of the lesser offense of the class A misdemeanor of possession.

We, therefore, reverse the trial court's judgment convicting McClain of the class C felony of possession of more than 35 grams of marijuana and enter judgment against McClain on the class A misdemeanor of possession of marijuana. The case is remanded back to the trial court to conduct sentencing for the class A misdemeanor of possession of marijuana.

JAMES E. WELSH, Presiding Judge, and KAREN KING MITCHELL, Judge, concur.