STATE of Missouri, Respondent,

v.

Darrell L. GIVENS, Appellant.

No. WD 50000.

Missouri Court of Appeals,
Western District.

March 12, 1996.

Susan Lynn Hogan, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

HANNA, Presiding Judge.

Defendant, Darrell Givens, appeals from his conviction, by a jury, of one count of trafficking in the second degree, § 195.223, RSMo 1994. He challenges the sufficiency of the evidence and the trial court's refusal to submit his instruction on possession of a controlled substance, a lesser included offense of trafficking in the second degree.

On September 17, 1993, Police Officers Charles Hill and Marcus Guerrero were dispatched to an apartment building in Kansas City. Upon arrival, the two officers noticed a small group of men, including the defendant, standing in front of the building. The officers asked the men for identification and then ran a computer check on each for outstanding warrants. The computer inquiry revealed that the defendant had an outstanding warrant. He was arrested and taken into custody.

At the police station Officer Hill conducted a thorough search of the defendant and discovered a plastic ziplock baggie on his person. The baggie contained 17 smaller ziplock baggies, which contained substances that appeared to be crack cocaine. Upon questioning, the defendant admitted that he was an addict and had just purchased the crack cocaine. A field test determined that the substance was cocaine based.

The substance was later tested by Mr. Dudley, a forensic chemist at the Regional Crime Laboratory, who concluded that it contained cocaine base. At trial, Mr. Dudley described the procedure that he used to determine the total weight of the controlled substance. Specifically, Mr. Dudley first weighed all 17 baggies with their contents. He then emptied one baggie, weighed it, and multiplied the empty baggie's weight by 17. He subtracted this number from the total weight of the 17 baggies with their contents. Using this procedure Mr. Dudley determined the weight of the controlled substance to be 2.02 grams. This testing procedure came under the scrutiny of defense counsel and is the subject of both points on appeal.

In his first point, the defendant claims that the state presented insufficient evidence to support the jury's verdict of guilt beyond a reasonable doubt. Specifically, the defendant argues that the evidence failed to establish that he possessed more than two grams of a substance containing cocaine base.

Section 195.223.3, RSMo 1994, provides in pertinent part:

A person commits the crime of trafficking drugs in the second degree if ... he possesses or has under his control ... more than two grams of a mixture or substance ... which contains cocaine base.

The weight of the substance is an essential element of this crime. *See State v. Burns,* 877 S.W.2d 111, 113 (Mo. banc 1994). The

state must prove every element of the crime charged beyond a reasonable doubt in order to support a criminal conviction. *State v. Luna*, 800 S.W.2d 16, 21 (Mo.App.1990).

■ In reviewing a challenge to the sufficiency of the evidence, the court, appellate and trial, must determine whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). We consider the evidence and all reasonable inferences in the light most favorable to the decision of the fact finder and disregard all contrary evidence and inferences. *State v. LaFlamme*, 869 S.W.2d 183, 185 (Mo.App. 1993).

■ The defendant argues that the state was required to test the contents of each baggie for the presence of cocaine base. However, Missouri has recognized that the state need not test all samples of a single substance. *State v. Gibson*, 856 S.W.2d 78, 79 (Mo.App.1993) (only one of several chunks of crack cocaine was analyzed); *State v. Diercks*, 674 S.W.2d 72, 77 (Mo.App.1984) (only seven of 190 marijuana plants tested).

Mr. Dudley testified that the contents contained in each of the 17 baggies appeared to be the same substance and constituted "one big rocky-type substance." He put the contents of one of the baggies to a battery of tests and determined that it contained cocaine base. Mr. Dudley testified that the sample tested was representative of the contents of all of the baggies.

Additionally, Officer Hill testified that he found all of the little baggies in one larger sealed baggie on the defendant in one location, lending credence that the contents of each of the baggies were the same. The defendant admitted to the officers that he had just purchased the larger baggie with the 17 baggies inside and that he was a crack-cocaine user.

It also was not necessary to weigh the contents of each baggie individually in order to prove that the total weight of the substance was 2.02 grams. It is sufficient that the weight be determined in some reasonable manner. Mr. Dudley weighed all 17 baggies with their contents. He then weighed one empty baggie, multiplied its weight by 17, and subtracted this number from the total weight of the 17 baggies with their contents. Mr. Dudley testified that there was residue left in the empty baggie when he weighed it, so that the actual weight of the baggie was less than the weight he attributed to it. Accordingly, Mr. Dudley concluded that, although he calculated the weight of the substance to be 2.02 grams, the actual weight of the controlled substance was probably greater than that figure. There was substantial evidence from which a reasonable juror could have found beyond a reasonable doubt that the defendant possessed more than two grams of a substance containing cocaine base. Point denied.

■ However, the fact that the state made a submissible case does not necessarily answer the question as to whether there was a basis for an acquittal of the offense charged and a conviction of a lesser included offense. *See State v. Johnson*, 850 S.W.2d 365, 367 (Mo.App.1993). The defendant claims, in his second point, that the trial court erred when it refused to submit his instruction of possession of a controlled substance, which is a lesser included offense of trafficking in the second degree. *State v. Smith*, 825 S.W.2d 388, 391 (Mo.App.1992).

A defendant may be convicted of an offense included in an offense charged in the indictment or information. § 556.046, RSMo 1994. An offense is so included when it is established by proof of the same or less than all of the facts required to establish the commission of the charged offense. § 556.046.1(1). Possession of a controlled substance is established by proof that the defendant was in possession of a controlled substance. § 195.202, RSMo 1994. The weight of the controlled substance is not an element of this offense.

■ Ordinarily, a decision as to whether to instruct upon a lesser included offense must be made on a case by case basis. *State v. Warrington*, 884 S.W.2d 711, 717 (Mo.App. 1994). Section 556.046.2, RSMo 1994, provides:

The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

As construed by Missouri courts, § 556.046.2 limits the requirement of a lesser included offense instruction to those cases in which there is some affirmative evidence with probative value that could form the basis of an acquittal of the greater offense and a conviction of the lesser offense. *Warrington*, 884 S.W.2d at 717. If this evidence, in fact or by inference, provides such a basis, then the jury must be instructed on the lesser included offense. *State v. Isreal*, 872 S.W.2d 647, 649 (Mo.App.1994).[1]

The question then is whether there was affirmative, probative evidence that, in fact or by inference, provided a basis for both an acquittal of second degree trafficking and a conviction of possession. All of this evidence came from Mr. Dudley.

Because Mr. Dudley did not weigh the controlled substance by itself, coupled with the fact that he did not weigh each baggie, there remains room for the possibility that the total weight was not as given. Mr. Dudley admitted that it was possible that all 17 baggies did not weigh the same. Yet, he only weighed one baggie because, as he testified, "[W]e don't have time to actually sit there and clean little ziplock bags." At one point Mr. Dudley testified that "actually the weight doesn't make much difference to us. . . ." Mr. Dudley further acknowledged that there was a possibility that the contents of one or more of the other 16 baggies did not contain cocaine base. In fact, he testified that this possibility is "one reason why we only take a representative sample."

█ The obvious problem here is that weight is the single factor that determines the range of punishment (and the grade of felony) and here there is a small fraction of weight marking the statutory line between the two offenses. When the weight of the controlled substance is calculated to be .02 of a gram over the statutorily required amount, and the evidence does not guarantee that the weight is correct, there is a basis to submit the lesser included offense. *See State v. Hyzer*, 811 S.W.2d 475 (Mo.App.1991); *State v. Bethel*, 569 S.W.2d 270 (Mo.App.1978). In each case, both involving the sale of marijuana, the trial court erred by failing to instruct on the lesser included offense when the weight, as presented by the state, only exceeded the statutory weight requirement by a very small fraction.

█ In *Bethel*, the applicable statute established 25 grams as the demarcation between a felony and a misdemeanor of the sale of marijuana. *Bethel*, 569 S.W.2d at 271. The state's evidence showed that the actual weight of the substance could have ranged from 25.04 grams to 25.16 grams. *Id.* There were seeds in the substance, and the state's chemist did not know whether these seeds were sterilized and incapable of germination[2], or how much the seeds weighed. *Id.* The defendant was convicted of the felony offense. *Id.*

The defendant in *Bethel* appealed her felony conviction, claiming that the trial court erred by failing to instruct the jury on "the lesser included offense of delivering less than 25 grams of marijuana without remuneration." The appellate court agreed, stating:

This evidence does not establish beyond a reasonable doubt that the controlled substance involved exceeded 25 grams in weight. By this we do not mean to indicate that in every case it is necessary to establish precisely the amount of non-controlled substance present in the substance transferred, providing it is reasonable to infer or there is an expert opinion that the non-controlled portion of the substance is

---

1. Although there is a division of opinion as to whether the "basis" may be found in disbelief of testimony, see *State v. Stepter*, 794 S.W.2d 649, 653 n. 2 (Mo. banc 1990), we need not decide this issue today. Because the jury could have believed Mr. Dudley's testimony, yet inferred from his testimony that his measurements were inaccurate and the controlled substance actually

weighed two grams or less, the basis does not lie in the disbelief of testimony.

2. The sterilized seeds of marijuana that are not capable of germination are not a controlled substance. *Bethel*, 569 S.W.2d at 271.

not sufficient to lower the weight below the statutory demarcation line. In this case, *the weight is too close to the statutory line (within 14 one thousandths of an ounce) to infer that possible non-controlled substances did not push the weight above the 25 gram level.*

569 S.W.2d at 271–72 (emphasis added).

 In the case before us, Mr. Dudley's testimony established that the contents of the baggies could have been two grams or less in weight. In light of this testimony, the weight is too close to the statutory line to infer that the method of measurement did not push the weight, as calculated by Mr. Dudley, above the two gram level. The jury could have properly inferred that the other baggies might have weighed more than the one Mr. Dudley weighed. Considering the method of measurement and the small margin for error, the jury could have reasoned that the controlled substance in the defendant's possession weighed two grams or less.

 The trial court should resolve all doubts upon the evidence in favor of instructing on the lower degree of the crime, leaving it to the jury to decide of which of the two offenses, if any, the defendant is guilty. *Warrington,* 884 S.W.2d at 717. The state's evidence provided a basis for both an acquittal of trafficking in the second degree and a conviction of possession of a controlled substance. *See State v. Trujillo,* 869 S.W.2d 844, 847 (Mo.App.1994). Therefore, the defendant was entitled to have the lesser included offense instruction submitted to the jury.

Accordingly, the conviction of trafficking in the second degree is reversed and the cause is remanded for a new trial consistent with this opinion.

All concur.