STATE of Missouri, ex rel. Wendy Wexler HORN, Prosecuting Attorney, St. Francois County, Missouri, Relator,

v.

Honorable Thomas L. RAY, Circuit Court, St. Francois County, Twenty-Fourth Judicial Circuit Associate Division III, Respondent.

No. ED 81020.

Missouri Court of Appeals,
Eastern District,
Writ Division III.

July 16, 2002.

unless otherwise indicated.

Wendy Wexler Horn, Farmington, for Relator.

Jo Ann Rotermund, St. Louis, MO, Wayne R. Williams, Jr., Farmington, MO, for Respondent.

PAUL J. SIMON, Presiding Judge.

Relator, the prosecuting attorney for St. Francois County, filed a petition for a writ of prohibition seeking to prevent the Honorable Thomas L. Ray from enforcing an order disqualifying her entire office in three cases due to a conflict of interest. We issued a preliminary order in prohibition. We now make the preliminary order permanent.

The relevant facts are not in dispute. William Bryant was employed as an assistant public defender in the Farmington office of the Missouri State Public Defender from July 31, 2000, to March 1, 2002. Bryant was initially assigned to St. Francois County, but was later transferred to Washington County where he represented clients on a regular basis. Bryant also assisted in supervising the docket in St. Francois County for the last year of his employment. As a supervisor, he assisted two newer attorneys with plea negotiations, bond reduction hearings, sentencing hearings, and in reviewing case files.

Bryant left the public defender's office on March 1, 2002 and began new employment with the St. Francois County Prosecuting Attorney on March 4, 2002. Since that date, Bryant has personally disqualified himself from any and all personal involvement in cases in which defendants were represented by the public defender's office during his tenure with the public defender. In addition, the prosecuting attorney's office implemented a screening mechanism to ensure that Bryant would not personally handle any of those cases. All files opened after March 4, 2002 were coded a different color from existing files.

Bryant cannot have access to files that were opened prior to March 4, 2002. The prosecuting attorney also instructed Bryant not to disclose any confidential information regarding any public defender clients to anyone in the prosecutor's office. The prosecuting attorney has instructed her staff not to discuss any public defender cases pending prior to March 4, 2002, with Bryant. Further, the prosecuting attorney voluntarily disqualified her entire office from all public defender cases where Bryant was the attorney of record.

In the underlying case, the State filed three separate complaints against the defendant Ralph Napoli, Jr., Cause Nos. 01CR612936, 02CR610634, and 02CR610775. Each case was filed prior to March 4, 2002, while Bryant was working in the public defender's office. Napoli was represented by the public defender's office, but Bryant did not "personally and substantially represent" Napoli in any of the three cases at any stage of the proceedings. Bryant filed a sworn affidavit that he did not work on Napoli's cases nor did he, to the best of his knowledge, receive any confidential information about his cases. Bryant also stated he had not discussed the cases with anyone in the prosecuting attorney's office and did not have access to the file.

After Bryant became employed by the prosecutor's office, Napoli filed a motion to disqualify the entire office of the St. Francois County Prosecuting Attorney and sought the appointment of a special prosecuting attorney. After a hearing on the motion, the circuit court entered an order disqualifying the entire office from prosecuting Napoli's cases. Relator filed a petition for a writ of prohibition and this Court entered a preliminary order in prohibition.

A writ of prohibition does not issue as a matter of right, and whether a writ should be issued in a particular case is a question left to the sound discretion of the court to which application has been made. *State ex rel. Nat. Super Markets, Inc. v. Dowd,* 1 S.W.3d 595, 597 (Mo.App. E.D.1999). Prohibition will issue where there is an important question of law decided erroneously that would otherwise escape review on appeal and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision. *State ex rel. Riverside Joint Venture v. Missouri Gaming Com'n,* 969 S.W.2d 218, 221 (Mo. banc 1998). The situation presented here falls within this category as the prosecuting attorney's office is not a party to the underlying case and would have no way to obtain review of this issue in an appeal.

Relator argues she is entitled to a writ of prohibition because the circuit court erred in finding the entire office was disqualified from Napoli's cases. The parties agree that attorney Bryant is personally disqualified and have not asked the circuit court or this Court to make a determination about Bryant. The issue is whether Bryant's disqualification can be imputed to the entire prosecuting attorney's office despite the screening mechanisms implemented by the office. The circuit court, relying upon Rule 4–1.10, found such imputed disqualification. Relator contends the applicable Rule of Professional Conduct that should be applied is Rule 4–1.11 instead of Rule 4–1.10.

In 1986, the Missouri Supreme Court adopted the ABA Model Rules of Professional Conduct as its own rules to govern the ethics and professional responsibility of Missouri attorneys. Rules 4–1.10 and 4–1.11 distinguish between lawyers moving between private firms and those moving between private practice and government agencies. *See, State v. Ross,* 829 S.W.2d 948, 950 (Mo. banc 1992). As stated in the Comment to Rule 4–1.10:

[W]here a lawyer represents the government after having served private clients, the situation is governed by Rule 1.11(c)(1) .... if the more extensive disqualification in Rule 1.10 were applied to former government lawyers, the potential effect on the government would be unduly burdensome. The government deals with all private citizens and organizations, and thus has a much wider circle of adverse legal interests than does any private law firm. In these circumstances, the government's recruitment of lawyers would be seriously impaired if Rule 1.10 were applied to the government. On balance, therefore, the government is better served in the long run by the protections stated in Rule 1.11.

Accordingly, the applicable rule is Rule 4–1.11. Under Rule 4–1.11, there is no imputed disqualification to the government agency even if a lawyer is personally disqualified from handling a matter. Rule 4–1.11(c) provides for the disqualification of the lawyer in a matter if he or she "participated personally and substantially while in private practice or nongovernmental employment...." The Comment to Rule 4–1.11 states specifically that paragraph (c) "does *not* disqualify other lawyers in the agency with which the lawyer in question has become associated." (emphasis added.) In the new 2002 Model Rules of Professional Responsibility recently adopted by the ABA, the comment to Rule 1.10 specifically states that "where a lawyer represents the government after having served clients in private practice, nongovernmental employment or in another government agency, former-client conflicts are not imputed to government lawyers associated with the individually disqualified lawyer." In addition, the comment to Rule 1.11 states, "Because of the special problems raised by imputation within a government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as an officer or employee of the government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers."

■ However, Missouri case law appears to continue to require an imputed disqualification if there is an "appearance of impropriety." This appears to be an application of a prior disciplinary rule, DR 9–101, which was repealed when Missouri adopted the Model Rules of Professional Conduct in 1986. *See,* American Bar Association, *Annotated Model Rules of Professional Conduct* 177 (4th ed.1999). However, despite its repeal, Missouri courts have continued to apply this test, including the Missouri Supreme Court. *See, Ross,* 829 S.W.2d at 951. Although, Justice Holstein opined in his dissent in *Ross* the "appearance of impropriety" test should not survive the 1986 adoption of the Rules of Professional Responsibility. *Id.* at 955–56 (Holstein, dissent.). In two cases following *Ross,* the Supreme Court has made no mention of the "appearance of impropriety" test. *Deck v. State,* 68 S.W.3d 418, 431 (Mo. banc 2002); *State v. Smith,* 32 S.W.3d 532, 541–42 (Mo. banc 2000) (applying Rule 4–1.9). While it is unclear whether the test actually survives, our determination is not changed by whether it applies or not. We find there is no disqualification under either the Rules of Professional Conduct or the "appearance of impropriety" test.

Here, despite having agreed that Bryant is personally disqualified from Napoli's cases, the parties have also agreed that Bryant did not "personally and substantially" represent Napoli. Under Rule 4–1.11, however, Bryant would only be personally disqualified if he had personally and substantially represented Napoli. As such, it would appear that even Bryant himself would not be personally disquali-

fied from prosecuting Napoli under Rule 4–1.11. Yet, the prosecuting attorney's office and Bryant have agreed to disqualify Bryant from working on all cases pending during his time as public defender, regardless of whether he personally and substantially represented the parties. Further, the prosecuting attorney also agreed to disqualify her entire office from working on any cases where Bryant was the attorney of record.

However, even if Bryant were properly disqualified, we believe another prosecutor may only handle the case if Bryant has been effectively screened from participating in the prosecution. *See, Blair v. Armontrout,* 916 F.2d 1310, 1333 (8th Cir. 1990). Here, the prosecuting attorney set up an extensive screening procedure to ensure that Bryant would not work on any cases that were pending before his date of employment, March 4, 2002. Her office was instructed not to discuss those cases pending before March 4, 2002, with Bryant. Bryant swore an affidavit that he had revealed no confidential information to anyone in the prosecutor's office. Based upon these efforts, we find the trial court abused its discretion in disqualifying the entire office from prosecuting any cases pending during Bryant's employment with the public defender. Rule 4–1.11 would not require the disqualification. In addition, where Bryant did not represent Napoli and appropriate screening procedures are set up, there is no "appearance of impropriety" requiring the disqualification of the entire office.

Respondent relies primarily upon *Ross,* 829 S.W.2d at 948, to support imputed disqualification. In that case, the defendant Ross had criminal charges brought against him by the Clay County Prosecuting Attorney's office for first degree assault and armed criminal action. The defendant also hired a private law firm to represent him (as a defendant) in a civil case arising out of the same incident. *Id.* at 949. Two part-time assistant prosecuting attorneys for Clay County also worked with the defendant's private law firm. *Id.* Indeed, one of these attorneys actually represented the defendant in the civil lawsuit while simultaneously working for the prosecutor. *Id.* Our Supreme Court held the entire Clay County Prosecuting Attorney's Office should have been disqualified from prosecuting the defendant due to a conflict of interest. *Id.* at 952. In its analysis, the Court found that while Rule 1.11 would apply, simultaneous employment by a private law firm and a government agency also made Rule 1.7 relevant. *Id.* at 951. The Court concluded that the interconnection between the prosecutor's office and the private law firm handling defendant's related civil case created "such suspicions and appearances of impropriety" to warrant disqualification of the entire office. *Id.*

In contrast to *Ross,* we are not dealing with simultaneous employment where one of defendant's attorneys in a related civil case is also an assistant prosecuting attorney in the office prosecuting him for criminal charges arising out of the same incident. As such, Rule 1.7 does not apply and Rule 1.11 is the only applicable rule. Moreover, the prosecutor's office in *Ross* had never been provided an opportunity to set up appropriate procedures to ensure the attorneys in question where screened from participation in the case. *Id.* at 952. Here, the prosecutor did implement screening procedures to ensure Bryant had no involvement in any cases pending while he was a public defender.

In addition, our Supreme Court has recently distinguished the *Ross* case in *Deck,* 68 S.W.3d 418. In *Deck,* the defendant argued the trial court should have disqualified the entire prosecuting attorney's office

for a conflict that arose when an assistant prosecutor who was not involved in his prosecution had represented him on an unrelated burglary charge three years earlier. *Id.* at 431. The Court held there was no required disqualification, because the earlier case was not "substantially related" to the current case and "there is no claim that any confidential information was transmitted to the prosecutor in this case or that his former counsel had any involvement in this case." *Id.* The Court distinguished *Ross*, because in it counsel became associated in the prosecution of a former client after actually representing him in the same or related matter. *Id.* As stated above, Bryant never actually represented Napoli on any of the pending charges. Moreover, there is also no claim confidential information was ever transmitted to the prosecuting attorney or that Bryant is involved in Napoli's prosecution.

Respondent's reliance on *State v. Reinschmidt*, 984 S.W.2d 189 (Mo.App. S.D.1998) is also misplaced. In that case, the defendant in question was represented for a substantial period of time by attorney Bock, who was a public defender. *Id.* at 190. She left the public defender's office to work for the county prosecutor. *Id.* The Southern District, applying the *Ross* case, concluded there was an appearance of impropriety and disqualified the entire prosecuting attorney's office. *Id.* at 192. Unlike the case at hand, attorney Bock actually represented the defendant in question for more than two years. Here, Bryant never "personally and substantially" represented defendant Napoli. *Deck,* 68 S.W.3d at 431.

Respondent also relies upon *State v. Croka,* 646 S.W.2d 389 (Mo.App. W.D. 1983). In *Croka,* an attorney who represented the defendant for two and a half months as a public defender, withdrew to become an assistant prosecuting attorney.

*Id.* at 392. The defendant filed a motion to disqualify the entire office and on its own, the office withdrew representation and a special prosecutor was appointed. *Id.* However, the prosecutor's office continued to have involvement in the case by contacting a witness about her deposition. *Id.* The Western District concluded that the office's continued involvement in the case created an "appearance of impropriety." *Id.* at 393. The case at hand is different, because Bryant never actually represented Napoli.

Neither *Reinschmidt* nor *Croka* addresses the situation presented here, whether the prosecuting attorney's office should be disqualified from all cases that were pending in the public defender's office while Bryant worked there. Such an expansive rule would create the unnecessary disqualification in hundreds of cases where the risk of breach of confidentiality is slight or nonexistent. This would impose a tremendous burden on St. Francois County and any other county in the state of Missouri where a former public defender is hired by the prosecutor's office. Moreover, such a burden is not imposed by the Rules of Professional Conduct.

Indeed, the rule applied in *State v. Smith,* 849 S.W.2d 209 (Mo.App. E.D.1993) appears more applicable in the situation of pending cases. In *Smith,* a former public defender represented Smith on assault and armed criminal action charges. Shortly thereafter, the public defender left that office to work for the prosecuting attorney. Smith was tried and convicted of the charges while his former attorney was with the prosecutor's office, but he did not participate in the prosecution or discuss the case with the attorney in charge. *Id.* Smith was charged with failure to appear when he failed to appear for sentencing on these charges. *Id.* This court found the entire prosecuting attorney's office was not

disqualified on the failure to appear charge, because it was not the same case for which the attorney had represented Smith. *Id.* Here, Bryant never represented Napoli on any charges. As in *Smith,* none of the cases can be read so broadly as to require the disqualification of the entire prosecuting attorney's office where Bryant never represented Napoli on the pending charges. *See, Deck,* 68 S.W.3d at 431.

We make the preliminary order in prohibition permanent. Respondent is hereby prohibited from enforcing his order disqualifying the entire prosecuting attorney's office from prosecuting Napoli's three cases, Cause Nos. 01CR612936, 02CR610634, and 02CR610775, and appointing a special prosecutor.

LAWRENCE E. MOONEY, C.J. and MARY K. HOFF, J., concur.