

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

STATE OF MISSOURI,        )       No. ED99719

       )

      Respondent,        )       Appeal from the Circuit Court

       )       of the City of St. Louis

      vs.        )       1022-CR02286-01

       )

HUGHES MARTINE,        )       Honorable Rex M. Burlison

       )

      Appellant.        )       Filed: July 29, 2014

## OPINION

Hughes Martine appeals the judgment entered upon a jury verdict convicting him of the class A felony of second-degree trafficking. We affirm.

## I. BACKGROUND

On May 2, 2010, police officers James Wurm and Kristopher Hunt were on patrol when they observed a black Pontiac Bonneville with no license plate. The officers activated their car's lights and sirens and the Bonneville proceeded to drive for another one or two blocks before pulling over. The officers got out of their car and as they were approaching the Bonneville, it drove off at a high speed. The officers got back into their car and pursued the Bonneville until it crashed into another car. As the officers approached the scene, Martine got out of the Bonneville and ran. The officers followed, and Officer Wurm eventually apprehended Martine. Officer Hunt inspected the Bonneville and he found a large bag containing 54 individual baggies which had a substance appearing to be cocaine base.

A criminalist with the St. Louis Metropolitan Police Department Crime Laboratory conducted a visual analysis of the substance and determined it was cocaine base. The criminalist then took the substance out of the original packaging, tested it, and concluded that the substance was in fact cocaine base with a gross weight of 8.68 grams.

Martine was charged with the class A felony of second-degree trafficking and the cause proceeded to a jury trial. During the trial, Martine filed a motion for judgment of acquittal which the trial court denied. The jury found Martine guilty as charged, and the trial court entered a judgment in accordance with the jury verdict. Martine was then sentenced to ten years of imprisonment. Martine appeals.

## II.    DISCUSSION

In his sole point on appeal, Martine argues there was insufficient evidence to support his conviction for the class A felony of second-degree trafficking. We disagree.

An appellate court reviews the sufficiency of the evidence by considering "whether, in light of the evidence most favorable to the State, any rationale fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Nash*, 339 S.W.3d 500, 508-09 (Mo. banc 2011) (internal quotation omitted). We accept all evidence and inferences therefrom favorable to the State as true, and all contrary evidence and inferences are disregarded. *Id*. at 509.

In this case, Martine argues there was insufficient evidence to support his conviction because the State failed to show he possessed six grams or more of cocaine base. *See* section 195.223.3(2) RSMo Supp. 2002 (providing that second-degree trafficking is a class A felony when a person possesses six grams or more of cocaine base); *State v. Sills*, 405 S.W.3d 631, 632 (Mo. App. E.D. 2013) (finding that the weight of the substance is an essential element of second-

2

degree trafficking). Martine specifically claims that the State was required to test the contents of each individual baggie in order to prove he possessed more than six grams of cocaine base.

Assuming *arguendo* that the criminalist tested only one of the 54 baggies found in Martine's car,[1] Martine's argument fails under *State v. Givens*, 917 S.W.2d 215 (Mo. App. W.D. 1996) and preceding cases. In *Givens*, police officers found a bag on the defendant's person containing seventeen smaller baggies which had a substance appearing to be cocaine base. *Id*. at 216. A forensic chemist subsequently tested the substance of one of the seventeen baggies and concluded it was cocaine base. *Id*. at 216, 217. The defendant was then convicted of second-degree trafficking for possessing more than two grams of cocaine base. *Id*. at 216. On appeal, the defendant argued that the State was required to test the contents of each individual baggie in order to prove he possessed more than two grams. *Id*. at 216-17. The Court rejected the defendant's argument, holding that the State is not required to test all samples of a single substance. *Id*. at 217; *see also State v. Gibson,* 856 S.W.2d 78, 79-80 (Mo. App. E.D. 1993) (affirming conviction where only one of several chunks of crack cocaine was tested); *State v. Reinschmidt*, 984 S.W.2d 189, 193 (Mo. App. S.D. 1998) ((abrogated on other grounds) (testing three of fifteen sheets of paper containing LSD was sufficient for a reasonable juror to conclude that all sheets contained LSD)).

Here, the criminalist conducted a visual analysis of the substance and determined it was cocaine base. Upon further analysis, the criminalist took the substance out of the original packaging, tested it, and concluded that the substance was in fact cocaine base with an overall weight of 8.68 grams. Based upon the above precedent, the State was not required to test the

---

[1] We note that nothing in the record indicates the criminalist tested only one of the 54 baggies found in Martine's car. The criminalist testified at trial that "[the substance] was taken out [of individual packaging] to analyze and then it was taken out also to weigh." The criminalist testified that based on her analysis, the substance was cocaine base.

contents of each individual baggie in order to prove Martine possessed more than six grams of cocaine base. Further, the 54 individual baggies were found inside one large bag, creating the inference that all 54 baggies contained the same substance (cocaine base). *Givens*, 917 S.W.2d at 217 (finding multiple baggies inside one large bag created an inference that the content of all baggies was the same).

Based on the foregoing, there was sufficient evidence for the jury to conclude beyond a reasonable doubt that Martine possessed more than six grams of cocaine base. Point denied.

### III. CONCLUSION

The judgment convicting Martine of the class A felony of second-degree trafficking is affirmed.

_____
GLENN A. NORTON, Judge

Lawrence E. Mooney, P.J. and
Clifford H. Ahrens, J., concur

4